## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN - MODIFIED
### AND RELATED MOTIONS

Name of Debtor(s):    **Lacy Darrell Click**
**Ora Katherine Click**                    Case No:  **12-31009-DOT**

This plan, dated   **October 22, 2012**   , is:

☐    the *first* Chapter 13 plan filed in this case.

■    a modified Plan, which replaces the
■confirmed or ☐unconfirmed Plan dated **2/23/2012**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**November, 28, 2012 at  11:10 am**
Place of <u>Modified Plan</u> Confirmation Hearing:
**701 E. Broad Street, Room 5100, Richmond, VA 23219**

The Plan provisions modified by this filing are:
**1: Modify Funding; 2-B: Provide for Priority Claims; 3-D:  Provide for Secured Creditor; 5-A:  Provide for Mortgage Arrears.**

Creditors affected by this modification are:
**GMAC, Spotslyvania County, Suntrust, IRS**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.   If no objections are timely filed, a confirmation hearing will NOT be held.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$325,281.00**
Total Non-Priority Unsecured Debt: **$192,085.54**
Total Priority Debt: **$1,785.03**
Total Secured Debt: **$325,500.00**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

1.     **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$312.50 Monthly for 8 months, then $745.00 Monthly for 52 months**. Other payments to the Trustee are as follows:   **NONE**   . The total amount to be paid into the plan is $  **41,240.00**  .

2.     **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

     **A.**     **Administrative Claims under 11 U.S.C. § 1326.**

          1.     The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

          2.     Debtor(s)' attorney will be paid $  **2,600.00**  balance due of the total fee of $  **3,000.00**  concurrently with or prior to the payments to remaining creditors.

     **B.**     **Claims under 11 U.S.C. §507.**
     The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **County of Spotsylvania** | **Taxes and certain other debts** | **595.03** | **Prorata 13 months** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **1,190.00** | **Prorata 13 months** |

3.     **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

     **A.**     **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **SunTrust** | **2004 Cadillac Escalade AWD with 98,000 miles** | **7/04** | **23,000.00** | **17,325.00** |

     **B.**     **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

**C.**     **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **SunTrust** | **2004 Cadillac Escalade AWD with 98,000 miles** | **100.00** | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.**     **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **SunTrust** | **2004 Cadillac Escalade AWD with 98,000 miles** | **16,940.56** | **4.25%** | **363.66 51 months** |

**E.**     **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**     **Unsecured Claims.**

**A.**     **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __1__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

**B.**     **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

5.  **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A.  **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Bayview Loan Servicing, Inc.** | **11922 Stonehenge Drive, Fredericksburg, VA 22407-0000** | **1,792.89** | **0.00** | **0%** | **0 months** | |
| **GMAC** | **11922 Stonehenge Drive, Fredericksburg, VA 22407-0000** | **172.00** | **11,224.29** | **0%** | **51 months** | **220.08** |

   B.  **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

   C.  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

6.  **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A.  **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

   B.  **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **Bayview Loan Servicing, Inc.** | **Loan Modification Contract** | **0.00** | | **0 months** |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

**7.      Liens Which Debtor(s) Seek to Avoid.**

A.      **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| **-NONE-** | | | |

B.      **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**8.      Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.      Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.      Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.      Other provisions of this plan:**
**I.  Payment of Adequate Protection**
**- All adequate protection payments set forth in Section 3.C are to be paid through the Trustee.**
**- The Debtor(s) shall pay regular post-petition contract payments to the creditors listed in Section 5.A., and such payments shall also constitute adequate protection payments to such creditors. Accordingly, the Trustee shall not pay adequate protection payments to creditors listed in Section 5.A.**
**- No adequate protection payments are to be paid to any creditors unless the Plan provides for the payment of adequate protection of such claim(s) through the Trustee in Section 3.C. or directly by the Debtor(s) in Section 5.A., or unless the Court orders otherwise.**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

**Signatures:**


**Dated:**  <u>**October 22, 2012**</u>


<u>**/s/ Lacy Darrell Click**</u>                                                     <u>**/s/ Laura T. Alridge VSB**</u>
**Lacy Darrell Click**                                                      **Laura T. Alridge VSB 42549**
**Debtor**                                                                 **Debtor's Attorney**


<u>**/s/ Ora Katherine Click**</u>
**Ora Katherine Click**
**Joint Debtor**


**Exhibits:**          **Copy of Debtor(s)' Budget (Schedules I and J);**
                     **Matrix of Parties Served with Plan**


Certificate of Service


     I certify that on   <u>**October 22, 2012**</u>  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.


<u>**/s/ Laura T. Alridge VSB**</u>
**Laura T. Alridge VSB 42549**
Signature

**P. O. Box 11588**
<u>**Richmond, VA 23230**</u>
Address

<u>**804-358-9900**</u>
Telephone No.


Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re    **Lacy Darrell Click**
         **Ora Katherine Click**                                    Case No.    **12-31009-DOT**
                                    Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - MODIFIED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Roofer/Contractor** | **bookeeping** |
| Name of Employer | **Retired** | **Unemployed** |
| How long employed | **2 years** | **begin 8/16/07** |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ **0.00** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **0.00** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a.  Payroll taxes and social security | $ **0.00** | $ **0.00** |
|    b.  Insurance | $ **0.00** | $ **0.00** |
|    c.  Union dues | $ **0.00** | $ **0.00** |
|    d.  Other (Specify): | $ **0.00** | $ **0.00** |
|  | $ **0.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **0.00** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **0.00** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify):  **Disability** | $ **1,992.00** | $ **0.00** |
|  | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify):  **See Detailed Income Attachment** | $ **841.00** | $ **1,000.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **2,833.00** | $ **1,000.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,833.00** | $ **1,000.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,833.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6I (Official Form 6I) (12/07)

In re     **Lacy Darrell Click**
          **Ora Katherine Click**                                            Case No.   **12-31009-DOT**
                                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - MODIFIED
### Detailed Income Attachment

**Other Monthly Income:**

| | | | | |
|---|---|---|---|---|
| **Amortlized Tax Refund** | $ | **41.00** | $ | **0.00** |
| **Son's Contribution** | $ | **800.00** | $ | **0.00** |
| **Child Care - began 2/12** | $ | **0.00** | $ | **1,000.00** |
| **Total Other Monthly Income** | $ | **841.00** | $ | **1,000.00** |

B6J (Official Form 6J) (12/07)

In re      **Lacy Darrell Click**
         **Ora Katherine Click**                                           Case No.    **12-31009-DOT**
_____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - MODIFIED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ **1,485.10** |
| a. Are real estate taxes included?            Yes **X**      No ___ | | |
| b. Is property insurance included?            Yes **X**      No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ **185.00** |
|            b. Water and sewer | | $ **50.00** |
|            c. Telephone | | $ **0.00** |
|            d. Other   **See Detailed Expense Attachment** | | $ **286.00** |
| 3. Home maintenance (repairs and upkeep) | | $ **0.00** |
| 4. Food | | $ **500.00** |
| 5. Clothing | | $ **23.00** |
| 6. Laundry and dry cleaning | | $ **0.00** |
| 7. Medical and dental expenses | | $ **50.00** |
| 8. Transportation (not including car payments) | | $ **200.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ **0.00** |
| 10. Charitable contributions | | $ **0.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | | $ **0.00** |
|            b. Life | | $ **0.00** |
|            c. Health | | $ **0.00** |
|            d. Auto | | $ **248.00** |
|            e. Other | | $ **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify)   **Personal Property** | | $ **35.00** |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | | $ **0.00** |
|            b. Other | | $ **0.00** |
|            c. Other | | $ **0.00** |
| 14. Alimony, maintenance, and support paid to others | | $ **0.00** |
| 15. Payments for support of additional dependents not living at your home | | $ **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ **0.00** |
| 17. Other   **Haircuts and Grooming** | | $ **25.00** |
|       Other | | $ **0.00** |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **3,087.10** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | | $ **3,833.00** |
| b.   Average monthly expenses from Line 18 above | | $ **3,087.10** |
| c.   Monthly net income (a. minus b.) | | $ **745.90** |

**B6J (Official Form 6J) (12/07)**

In re **Lacy Darrell Click**
**Ora Katherine Click**           Case No.   **12-31009-DOT**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - MODIFIED
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| **Natural Gas** | $ **100.00** |
| **Cell Phone** | $ **130.00** |
| **Cable** | $ **56.00** |
| **Total Other Utility Expenditures** | $ **286.00** |

Office of the US Trustee
701 E. Broad Street
Room 4304
Richmond, VA 23219

ACA
PO Box 1022
Wixom, MI 48393

American Express
Attn: Bankruptcy Dept
777 American Expressway
Ft. Lauderdale, FL 33337

American Honda Finance Corp
Attn:  Bankruptcy Dept
8601 McAlpine Park Dr, Ste 230
Charlotte, NC 28211

B-Line, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Bank of America
200 Tournament Drive
Horsham, PA 19044

Bayview Loan Servicing, Inc.
Bankruptcy Department
4425 Ponce de Leon Blvd 5th FL
Miami, FL 33146

Beneficial
9045-5 W. Broad St.
Richmond, VA 23294

Bestpractices, Inc.
P.O. Box 75567
Baltimore, MD 21275-5567

Capital 1 Bank
15000 Capital One Drive
Richmond, VA 23238-1119

Capital One
PO Box 71083
Charlotte, NC 28272-1083

Cavalry Investment
500 Summit Lake Drive, ste 400
Valhalla, NY 10595

CB&T
PO BOX 105555
Atlanta, GA 30348-5555

CCB
800 Delaware Ave
Wilmington, DE 19801

Chase
Attn: Bankruptcy Dept.
PO Box 15153
Wilmington, DE 19850-5153

Chase
Attn: Bankruptcy Dept
201 N. Walnut Street
Wilmington, DE 19801

Chase Bank Card Service
Correspondence Dept-BANKRUPTCY
PO Box 8650
Wilmington, DE 19899

Citgo
PO BOX 142319
Irving, TX 75014-2319

County of Spotsylvania
Attn: Treasurer
P.O. Box 65
Spotsylvania, VA 22553

Credit One Bank
PO Box 60500
City Of Industry, CA 91716-0500

Discover Card
P.O. Box 15251
Wilmington, DE 19886-5251

DSRM NBank
7201 Canyon Dr
Amarillo, TX 79110

East Bay Funding, LLC
c/o Resurgent Capital Services
PO Box 288
Greenville, SC 29603

EBI
PO Box 8500-41335
Philadelphia, PA 19178

eCAST
Re: Beneficial
P.O. Box 35480
Newark, NJ 07193-5480

Emerge
PO BOX 105667
Atlanta, GA 30348-5667

Exxon/Mobil
RE:  Bankruptcy
5959 Las Colinas Blvd
Irving, TX 75039-2298

Fairfax Anesthesia Assoc.
PO BOX 100699
Atlanta, GA 30384

Fairfax Radiological Consult.
PO BOX 3650
Merrifield, VA 22116

Fairfax Radiological Consult.
2722 Merrilee Drive, Suite 230
Fairfax, VA 22031

Family Orthopedics & Sports
Medicine of Nova
2010-C Opitz Blvd
Woodbridge, VA 22191

FIA CSNA
Po Box 17054
Wilmington, DE 19884

FST Premier
Attn: Bankruptcy Dept.
3820 N Louise Avenue
Sioux Falls, SD 57107-0145

GECRB/ Wal Mart
PO BOX 276
Mail code OH 3-4258
Dayton, OH 45401

GEMB/LOWE
PO BOX 276
Mail code OH 3-4258
Dayton, OH 45401

GEMB/WALM
Re:  Bankruptcy
P.O. Box 981402
El Paso, TX 79998

GMAC
P.O. Box 2150
Greeley, CO 80632-2150

HSBC
Attn: Bankruptcy Department
PO Box 5253
Carol Stream, IL 60197

INOVA Fairfax Hospital
PO BOX 37019
Baltimore, MD 21297-3019

Inova Orthopedics
PO Box 8696
Virginia Beach, VA 23450

Internal Revenue Service
400 N. 8th St., Box 76
Stop Room 898
Richmond, VA 23219

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kohl's - Recovery
Attn: Bankruptcy Dept
P.O. Box 3004
Milwaukee, WI 53201

Loudan-Fairfax Ambulance
PO Box 1520
Sterling, VA 20167

LVNV Funding LLC.
c/o RESURGENT CAPITAL SERVICES
PO Box 10587
Greenville, SC 29603-0587

M&T Bank
Attn: Bankruptcy Dept
P.O. Box 427
Buffalo, NY 14240

M. Richard Epps, P.C.
Re: Bayview Loan Servicing
605 Lynnhaven Pkwy #200
VA Beach, VA 23452

Macy's
Re: Bankruptcy
PO Box 689195
Des Moines, IA 50368

McCabe, Weisberg & Conway, LLC
8101 Sandy Spring Rd
Suite 100
Laurel, MD 20707

Medical TransEd, Inc
PO Box 1520
Sterling, VA 20167

Merrick
Re:  VISA
P.O. Box 5721
Hicksville, NY 11802-5721

National Capital Management
8245 Tournament Drive
Suite 230
Memphis, TN 38125

NYCO
Re:  Bankruptcy
P.O. Box 182122
Columbus, OH 43218-2122

Potomac Hospital
Re: Bankruptcy
PO Box 219714
Kansas City, MO 64121

Potomac Hospital Emerg Phys
2300 Opitz Blvd
Woodbridge, VA 22191

Potomac Radiology & Imaging
2300 Opitz Boulevard
Woodbridge, VA 22191

Providian - Washington Mutal
Attn:  Bankruptcy Dept.
P.O. Box 99604
Arlington, TX 76096-9604

Roundup Funding, L.L.C.
MS 550
PO Box 91121
SEATTLE, WA 98111-9221

Steven L. Higgs PC
Steven L. Higgs, Esq.
9 Franklin Road, S.W.
Roanoke, VA 24011-2403

Suburban Credit Corp
PO Box 30640
Alexandria, VA 22310

SunTrust
CS-RIC 9394
PO BOX 26150
Richmond, VA 23260

Target
Bankruptcy Department
PO Box 1327
Minneapolis, MN 55440

THD/CBSD
CCS Gray OPS Center
Johnson City, TN 37615


United Consumers, Inc.
RE: Bankruptcy
P.O. Box 4466
Woodbridge, VA 22194

Universal Card Services
P.O. Box 44167
Re:  Bankruptcy
Jacksonville, FL 32231

Universal/ Citibank
8787 Baypines
Jacksonville, FL 32201


Verizon VA
500 Technology Dr
Stop 1
Saint Charles, MO 63304-2225

WalMart
RE: Bankruptcy
P.O. Box 960023
Orlando, FL 32896-0023

Washington Mutual
Re: Bankruptcy
PO Box 99604
Arlington, TX 76096-9604


WFNNB
P.O. Box 182125
Columbus, OH 43218-2125

WFNNB/New York & Company
Attn: Bankruptcy Dept
220 W. Schrock Road
Westerville, OH 43081

WFNNB/VS
Attn: Bankruptcy Dept
220 W. Schrock Road
Westerville, OH 43081